ROBINSON BROS. SHOE COMPANY, Appellant, vs. KNAPP, Respondent.

*May 4 — May 24, 1892.*

*Insolvency: Attachment: Priority.*

Under sec. 4298, R. S., an attachment levied after the defendant has filed a petition in insolvency, but before an assignment has been made, gives the attaching creditor priority over other creditors. *Mowry v. White,* 21 Wis. 417, followed.

APPEAL from the Circuit Court for *Fond du Lac* County. The facts are stated in the opinion.

*Maurice McKenna,* for the appellant, cited *Sexton v. Mann,* 15 Wis. 162; *Foster's Case,* 2 Story, 131; *In re Bellows and Peck,* 3 id. 428; *Fisher v. Vose,* 3 Rob. (La.), 457; *Oliver v. Smith,* 5 Mass. 183; *Farmers' Bank v. Beaston,* 7 Gill & J. 421; *Colby v. Coates,* 6 Cush. 558; *Dewing v. Wentworth,* 11 id. 499; *Davenport v. Tilton,* 10 Met. 320; *Sharpless v. Welsh,* 4 Dall. 279; 3 Parsons, Cont. 431; *In re St. Helen's Mills Co.* 10 N. B. R. 418; *In re Wayne,* 4 id. 23; *Allen v. Massey,* 17 Wall. 351; *Carr v. Hilton,* 1 Curtis, 230; *Linder v. Lewis,* 19 N. B. R. 455; *Adams v. Hyams,* 19 Blatchf. 487.

For the respondent there was a brief by *Edward S. Bragg;* and for other attaching creditors similarly situated there was a brief by *Colman, Sutherland & Hiner;* and the cause was argued orally by *J. W. Hiner.* They cited 7 Lawson, Rights & R. sec. 3564, and cases cited; Drake, Attach. secs. 224–5, 425; *Mowry v. White,* 21 Wis. 417; *Yates v. Dodge,* 123 Ill. 50; *Crosby v. Hillyer,* 24 Wend. 280; *Berthelon v. Betts,* 4 Hill, 577; *Bailey v. Burton,* 8 Wend. 339.

ORTON, J. The appellant was a creditor of F. A. Brasted on August 1, 1891, in the sum of $933, and the said Brasted,

on July 23, 1891, filed his petition, under ch. 179, R. S., as an insolvent debtor. The respondent, on the 25th day of July, 1891, commenced attachment proceedings against the said Brasted, by which a portion of his property was levied on, and by order of the court afterwards sold and converted into money in the sum of $5,000, and which is now in the custody of the court. The appellant filed its petition for the stay of all proceedings in said attachment pending the insolvency proceedings, and procured an order to show cause accordingly. The respondent demurred to said petition, and the demurrer was sustained and the petition denied by the court, and the appellant has appealed from said order.

At the time this order was made there had been no assignment of the debtor's property, or appointment of an assignee. The petition was evidently heard by the court on the strict legal rights of the parties. This case is ruled by *Mowry v. White*, 21 Wis. 417. The same statute there considered is yet in force. It is claimed by the learned counsel of the appellant that the attachment created no lien on the property. It is not well to be technical on that question, but to consider the facts as they are. The property had been sold and converted into money, and the money is held by the court to await the judgment in the attachment; and the question now is: Have the other creditors of the insolvent debtor, represented by the appellant, a right to their money superior to that of the respondent under his attachment? If they have not such a right by virtue of the filing of the petition of the insolvent debtor, then they have no right to interrupt, delay, or stay the respondent's attachment suit.

The learned counsel of the appellant says in his brief that by the statute (sec. 4298, R. S.) the assignment in the insolvent proceedings of the debtor's property " vests in the assignee all the property of such insolvent at the time

of *presenting his petition.*" If that is so, it is certainly a very strong argument that the insolvency proceedings have lawful priority over the attachment in respect to the property of the debtor. But it seems not to be so. That section provides that " the assignment shall vest in the assignee *all the interest* of such insolvent, *at the time of executing the same,* in any estate or property," etc. This is the hinge on which the case of *Mowry v. White,* 21 Wis. 417, turned. Chief Justice DIXON said in his opinion, after citing this statute (which was the same as the present): "Until the assignment is made, the debtor remains in full possession and enjoyment of his estate, and may dispose of the same at pleasure," etc. I regard that case as having settled the law, until the statute is changed in this particular, that the attaching creditor has a prior right over insolvency proceedings to the debtor's property until the assignment is actually made. It is the *interest* the debtor then has in property only that is assigned. As said further in that case, " the terms of the statute are very clear."

I shall not follow the learned counsel on either side in considering cases decided elsewhere, when the case is so clearly governed by a former decision of this court. That case has become a settled rule of property in all such cases. We are satisfied that the case was decided correctly, and we shall follow it in this case.

*By the Court.*—The order of the circuit court is affirmed.